**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Ryan J. Crawford*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN J. CRAWFORD, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>HAWK MANAGEMENT, L.P.,<br>HWC LLC,<br>HAWK OPPORTUNITY FUND L.P.,<br>PHILLY RESIDENTIAL ACQUISITION LP,<br>PHILLY RESIDENTIAL GP LLC,<br>GREEN HOMES REAL ESTATE, LP,<br>GREEN HOMES MANAGEMENT, LLC,<br>MIPA PARTNERS LLC,<br>HAWK VESTA I LLC,<br>HAWK VESTA III LLC,<br>DAVIS S. CALLAN, *and*<br>RICHARD S. WILLIAMS,<br><br>Defendants. | Civil Action No.:<br><br>**CLASS/COLLECTIVE ACTION COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF *and* DAMAGES**<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Ryan J. Crawford, individually and on behalf of others similarly situated, brings this class and collective action against Defendants seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania

Minimum Wage Act of 1968 ("PMWA"), 42 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* and Pennsylvania common law.

2. Plaintiff's FLSA claims are asserted as a nationwide collective action under 29 U.S.C. § 216(b), while his Pennsylvania state law claims are asserted as a statewide class action under Federal Rule of Civil Procedure 23. <u>See Knepper v. Rite Aid Corp.</u>, 675 F.3d 249 (3d Cir. 2012) (FLSA collective and Rule 23 class claims may proceed together).

3. Plaintiff complains on behalf of himself and all others similarly situated, contending that Defendants have improperly failed to pay minimum wages and overtime compensation to their staff pursuant to the FLSA, PMWA, WPCL and Pennsylvania common law.

4. Plaintiff is a former employee of Defendants, and during the course of his employment, Defendants failed to accurately track and keep records of Plaintiff's hours worked, Defendants failed to pay proper overtime compensation when Plaintiff worked more than 40 hours per week, and Defendants failed to pay Plaintiff proper minimum wages.

5. Plaintiff brings this action to recover unpaid minimum wages and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

6. At all relevant times, Defendants' violations of the FLSA, PMWA, WPCL and Pennsylvania common law were willful.

**JURISDICTION AND VENUE**

7. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Supplemental Jurisdiction over Plaintiff's PMWA and WPCL claims is proper under 28 U.S.C. § 1367 because they arise out of the same nucleus of operative facts as Plaintiff's FLSA claims.

9. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **PARTIES**

11. Plaintiff Ryan J. Crawford is an adult individual residing at 1361 Taylor Drive, Langhorne, PA 19047.

12. At all relevant times, Plaintiff was an employee of Defendants and entitled to the protections of the FLSA, PMWA and WPCL.

13. Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a party to this action. His executed Consent to Sue form is attached hereto as Exhibit "A."

14. Defendant Hawk Management, L.P. is a Delaware limited partnership registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159 North State Street, Newtown, PA 18940. The company's officers are Defendants HWC LLC, David S. Callan and Richard S. Williams. At all relevant times, Defendant was the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

15. Defendant HWC LLC is a Delaware limited liability company registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159

North State Street, Newtown, PA 18940. The company is an officer of Defendant Hawk Management, L.P. At all relevant times, Defendant was the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

16. Defendant Hawk Opportunity Fund L.P. is a is a Delaware limited partnership registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159 North State Street, Newtown, PA 18940. The company's general partner is Defendant Hawk Management, L.P. At all relevant times, Defendant was the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

17. Defendant Philly Residential Acquisition LP is a Pennsylvania limited partnership registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159 North State Street, Newtown, PA 18940. At all relevant times, Defendant was the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

18. Defendant Philly Residential GP LLC is a Pennsylvania limited liability company registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159 North State Street, Newtown, PA 18940. At all relevant times, Defendant was the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

19. Defendant Green Homes Real Estate, LP is a Pennsylvania limited partnership registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159 North State Street, Newtown, PA 18940. The company's general partner is Defendant Green Homes Management, LLC. At all relevant times, Defendant was the

employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

20. Defendant MiPa Partners LLC is a Pennsylvania limited liability company registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159 North State Street, Newtown, PA 18940. At all relevant times, Defendant was the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

21. Defendant Hawk Vesta I LLC is a Pennsylvania limited liability company registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159 North State Street, Newtown, PA 18940. At all relevant times, Defendant was the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

22. Defendant Hawk Vesta III LLC is a Pennsylvania limited liability company registered to do business in the Commonwealth of Pennsylvania with a principal place of business located at 159 North State Street, Newtown, PA 18940. At all relevant times, Defendant was the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

23. Defendant David S. Callan is an adult individual residing at 2140 South Easton Road, Doylestown, PA 18901. Defendant Callan is an owner/officer of Defendant Hawk Management, L.P.  In this capacity Defendant Callan exercises sufficient control over the labor policies and practices complained of herein to be considered the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

24. Defendant Richard S. Williams is an adult individual residing at 202 South State Street, Unit 2C, Newtown, PA 18940. Defendant Williams is an owner/officer of Defendant Hawk Management, L.P. In this capacity Defendant Williams exercises sufficient control over the labor policies and practices complained of herein to be considered the employer of Plaintiff and the proposed classes for the purposes of the FLSA and Pennsylvania state laws.

25. Defendants employ staff, including Plaintiff and the proposed classes, who are subjected to Defendants' unlawful pay practices.

26. Defendants Hawk Management, L.P., HWC LLC, Hawk Opportunity Fund L.P., Philly Residential Acquisition LP, Philly Residential GP LLC, Green Homes Real Estate, LP, Green Homes Management, LLC, MiPa Partners LLC, Hawk Vesta I LLC, and Hawk Vesta III LLC are all owned and controlled by Defendants Callan and Williams and are effectively operated as one entity. Accordingly, the Defendants are joint employers of Plaintiff and the proposed class members. Each of the Defendants employed the same unlawful practices that are the subject of this Complaint. Each of these unlawful practices were created and authorized by Defendants Callan and Williams.

27. At all relevant times, Defendants were employers covered by the FLSA, PMWA and WPCL and were required to comply with the wage and hour mandates therein.

28. At all relevant times, Defendants acted or failed to act through their agents, servants and/or employees, each of whom acting at all relevant times within the course and scope of their employment for Defendants.

29. At all relevant times, Defendants were joint employers jointly liable for the unlawful pay practices complained of herein.

30. Defendants systematically and willfully deny employees all minimum wages and overtime compensation wages due and owing under the FLSA, PMWA and WPCL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants as hourly staff performing similar responsibilities for Defendants at any time during the past three (3) years who were denied minimum wages and/or overtime compensation for hours worked over 40 in a workweek (the members of the putative class are hereinafter referred to as "Nationwide Collective Class Plaintiffs").

32. The precise number of similarly situated employees can be easily ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Potential Nationwide Collective Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

33. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated employees were similarly denied minimum wages and/or overtime compensation for hours worked in excess of 40 in a workweek, had the same or substantially similar job classifications and duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully below, whereby Defendants failed to pay Plaintiff and Nationwide Collective Class Plaintiffs minimum wages and/or overtime compensation for hours worked over 40 in a workweek, have affected Plaintiff and Nationwide Collective Class Plaintiffs in the same fashion.

34. In violation of the FLSA, Defendants failed to pay Plaintiff and Nationwide Collective Class Plaintiffs minimum wages and overtime compensation for hours worked over 40 in a workweek.

35. In violation of the FLSA, Defendants also failed to accurately track, record, and report hours worked by Plaintiff and Nationwide Collective Class Plaintiffs. This policy and practice is unequivocal evidence of Defendants' willful and improper failure to follow the provisions of the FLSA.

36. In violation of the provisions of the FLSA, Defendants also failed to pay Plaintiffs and Nationwide Collective Class Plaintiffs for work performed after scheduled shifts. Defendants have an unlawful practice and policy of altering time sheets to reflect fewer hours than those Plaintiffs and Nationwide Collective Class Plaintiffs actually worked, rather than compensating Plaintiffs and Nationwide Collective Class Plaintiffs for all hours worked as required by the FLSA.

37. In violation of the provisions of the FLSA, Defendants failed to post and keep posted the statutorily required notice explaining the FLSA in a conspicuous place in their establishment so as to permit Plaintiff and Nationwide Collective Class Plaintiffs to readily observe a copy. This policy and practice is unequivocal evidence of Defendants' willful and improper failure to follow the provisions of the FLSA.

38. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and all other relief available under the FLSA.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action individually and on behalf of the following state-wide class of

similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil

Procedure:

> All persons presently or formerly employed by Defendants who worked for
> Defendants during the last three (3) years as hourly non-exempt workers in
> positions with similar job duties who were denied minimum wages and/or
> overtime compensation for hours worked in excess of 40 in a workweek
> (the members of the putative class are hereinafter referred to as
> "Pennsylvania Class Plaintiffs").

40. The members of the class are so numerous that joinder of all members is impractical.

Pennsylvania Class Plaintiffs may be informed of the pendency of this class action by

direct mail.

41. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact

common to the Class, including but not limited to:

    a. Whether Plaintiff and the Pennsylvania Class Plaintiffs were improperly denied
statutorily mandated minimum wages and/or overtime compensation;

    b. Whether Plaintiff and the Pennsylvania Class Plaintiffs are entitled to overtime
compensation for service rendered in excess of 40 hours per week;

    c. Whether Plaintiff and the Pennsylvania Class Plaintiffs worked in excess of 40
hours per week;

    d. Whether Plaintiff and Pennsylvania Class Plaintiffs have suffered and are entitled
to damages, and if so, in what amount;

    e. Whether Defendants failed to pay Plaintiff and the Pennsylvania Class Plaintiffs
minimum wages and/or overtime wages in the period when said wages became
due and owing in violation of the PMWA, WPCL and Pennsylvania common law;
and

    f. Whether Plaintiff and the Pennsylvania Class Plaintiffs are entitled to liquated
damages.

42. Plaintiff's claims are typical of the claims of the Pennsylvania Class Plaintiffs. Plaintiff worked for Defendants as an hourly, non-exempt worker and had suffered similar injuries as those suffered by the Pennsylvania Class Plaintiffs as a result of Defendants' failure to pay minimum wages and/or overtime compensation. Defendants' conduct of violating the PMWA, WPCL and Pennsylvania common law has affected Plaintiff and the Pennsylvania Class Plaintiffs in the exact same way.

43. Plaintiff will fairly and adequately represent and protect the interest of the Pennsylvania Class Plaintiffs. Plaintiff is similarly situated to the Pennsylvania Class Plaintiffs and have no conflicts with the members of the Pennsylvania Class Plaintiffs.

44. Plaintiff is committed to pursuing this action and have retained competent counsel experienced in class action litigation.

45. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff's Pennsylvania state law claims are properly maintained as a class action because:

    a. The prosecution of separate actions by or against individual members of the Pennsylvania Class Plaintiffs would create a risk of inconsistent or varying adjudication with respect to individual members of the Pennsylvania Class Plaintiffs that would establish incompatible standards of conduct for Defendants;

    b. Defendants, by failing to pay minimum wages and/or overtime compensation when they became due and owing in violation of the PMWA, WPCL and Pennsylvania common law, has acted or refused to act on grounds generally applicable to the Pennsylvania Class Plaintiffs, thereby making the requested relief appropriate with respect to the Pennsylvania Class Plaintiffs as a whole; and

    c. The common questions of law and fact set forth above applicable to the Pennsylvania Class Plaintiffs predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of this controversy.

46. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Pennsylvania Class Plaintiff may be relatively small, the expenses and burden of individual litigation would make it difficult for the Pennsylvania Class Plaintiffs to bring individual claims. The presentation of separate actions by individual Pennsylvania Class Plaintiffs could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Pennsylvania Class Plaintiffs to protect his or her interests.

## FACTUAL BACKGROUND

47. Plaintiff repeats every allegation made in the above paragraphs of this complaint.

48. Nationwide Collective Class Plaintiffs and Pennsylvania Class Plaintiffs are hereinafter collectively referred to as "Class Plaintiffs."

49. In November 2017, Defendants hired Plaintiff as an hourly employee performing the functions of an office assistant performing daily clerical work earning $22.00 per hour (without benefits).

50. Throughout Plaintiff's employment, Plaintiff routinely worked in excess of 40 hours per week, however Defendants failed to pay Plaintiff at a rate of 1.5 times his regular rate of pay for all hours worked in excess of 40 in a workweek.

51. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants and therefore entitled to the statutorily mandated overtime compensation for hours worked over 40 in a workweek.

52. In violation of the FLSA and PMWA, Defendants failed to track, record and report all hours worked by Plaintiff.

53. From the beginning of his employment through May 2019, Plaintiff worked approximately 577.95 hours of overtime for which Defendants failed to pay him at the overtime rate of 1.5 times his regular rate; rather Defendants compensated Plaintiff at his regular hourly rate of $22/hour. As a result, Plaintiff suffered lost wages in the amount of $6,357.45 during this time.

54. In May 2019, Plaintiff's hourly rate was raised from $22/hour to $40/hour (without benefits).

55. From May 2019 through March 2020, Plaintiff worked approximately 167.75 hours of overtime for which Defendants failed to pay him at the overtime rate of 1.5 times his regular rate; rather Defendants compensated Plaintiff at his regular hourly rate of $40/hour. As a result, Plaintiff suffered lost wages in the amount of $3,355.00 during this time.

56. Between March 2020 and August 2020, Plaintiff worked 39.5 hours for which Defendants failed to pay Plaintiff _any_ wages. As a result, Plaintiff suffered lost wages in the amount of $1,580.00 during this time.

57. Defendants failed to pay Plaintiff and Class Plaintiffs pursuant to the requirements of the FLSA and PMWA.

58. Defendants threatened to fire any employee who questioned their pay practices.

59. As a result of Defendants' improper and willful failure to pay Plaintiff in accordance with the requirements of the FLSA and PMWA, Plaintiff has suffered damages in excess of $11,292.45.

### COUNT I
### FAILURE TO PAY MINIMUM WAGES TO NATIONWIDE COLLECTIVE CLASS
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

60. Plaintiff repeats every allegation made in the above paragraphs of this complaint.

61. Pursuant to Section 206 of the FLSA, employees must be paid certain minimum wages for each hour worked in a workweek.

62. The FLSA entitles employees to a minimum hourly wage of $7.25.

63. Over the course of Plaintiff's and Nationwide Collective Class Plaintiffs' employment with Defendants, Plaintiff and Nationwide Collective Class Plaintiffs were denied their statutorily mandated minimum wages for all hours worked.

64. The foregoing actions, policies and practices of Defendants violate the FLSA.

65. Defendants' actions were willful, in bad faith, and in reckless disregard of clearly applicable FLSA provisions.

66. Defendants are liable to Plaintiff and Nationwide Collective Class Plaintiffs for actual damages, liquidated damages and other relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Nationwide Collective Class Plaintiffs:

a. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked

for Defendants during the preceding three (3) years in positions with similar job duties, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they worked for Defendant during the liability period, but were not paid minimum wages and/or overtime compensation as required by the FLSA;

c. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

d. Adjudicating and declaring that Defendants violated the FLSA by failing to pay minimum wages to Plaintiff and Nationwide Collective Class Plaintiffs;

e. Awarding Plaintiff and Nationwide Collective Class Plaintiffs such minimum wages as are due and owing in an amount consistent with the FLSA;

f. Awarding Plaintiff and Nationwide Collective Class Plaintiffs liquidated damages in accordance with the FLSA;

g. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h. Awarding pre- and post-judgment interest and court costs as further allowed by law;

i. Granting Plaintiff and Nationwide Collective Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt in consent forms, or any other method approved by the Court; and

j. For all additional general and equitable relief to which Plaintiff and Nationwide Collective Class Plaintiffs are entitled.

## <u>COUNT II</u>
### **FAILURE TO PAY OVERTIME TO THE NATIONWIDE COLLECTIVE CLASS <u>FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*</u>**

67. Plaintiff repeats every allegation made in the above paragraphs of this complaint.

68. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

69. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employees' regular rate of pay, for all hours worked in excess of 40 hours per week.

70. According to the policies and practices of Defendants, Plaintiff and Nationwide Collective Class Plaintiffs regularly worked in excess of 40 hours per week. Despite working in excess of 40 hours per week, Plaintiff and Nationwide Collective Class Plaintiffs were denied overtime compensation at a rate of 1.5 times the statutorily mandated minimum wage for compensable work performed in excess of 40 hours per week in violation of the FLSA.

71. The forgoing actions, policies and practices of Defendants violate the FLSA.

72. Defendants' actions were willful, in bad faith, and in reckless disregard of clearly applicable FLSA provisions.

73. Defendants are liable to Plaintiff and Nationwide Collective Class Plaintiffs for actual damages, liquidated damages and other relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Nationwide Collective Class Plaintiffs:

a. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. An Order from this Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the preceding three (3) years in positions with similar job duties, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they worked for Defendant during the liability period, but were not paid minimum wages and/or overtime compensation as required by the FLSA;

c. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

d.  Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Nationwide Collective Class Plaintiffs for work performed in excess of 40 hours per week;

e.  Awarding Plaintiff and Nationwide Collective Class Plaintiffs such minimum wages as are due and owing in an amount consistent with the FLSA;

f.  Awarding Plaintiff and Nationwide Collective Class Plaintiffs liquidated damages in accordance with the FLSA;

g.  Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h.  Awarding pre- and post-judgment interest and court costs as further allowed by law;

i.  Granting Plaintiff and Nationwide Collective Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt in consent forms, or any other method approved by the Court; and

j.  For all additional general and equitable relief to which Plaintiff and Nationwide Collective Class Plaintiffs are entitled.

<u>**COUNT III**</u>
**FAILURE TO PAY MINIMUM WAGES TO THE PENNSYLVANIA CLASS**
<u>**PENNSYLVANIA MINIMUM WAGE ACT, 42 P.S. §§ 333.101, *et seq.***</u>

74. Plaintiff repeats every allegation made in the above paragraphs of this complaint.

75. At all relevant times, Defendants have employed Plaintiff and Pennsylvania Class Plaintiffs within the meaning of the PMWA.

76. Defendants have a willful policy and practice of requiring employees to work without receiving renumeration for such work.

77. Defendants have a willful policy and practice of failing to pay employees the full minimum wages for all hours worked.

78. Defendants have violated and continue to violate the PMWA.

79. Due to Defendants' violations, Plaintiff and the Pennsylvania Class Plaintiffs are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Pennsylvania Class Plaintiffs:

a. An Order from this Court certifying this case as a class action and designating Plaintiff as the representative of the Pennsylvania Class Plaintiffs and their counsel as class counsel;

b. An award to Plaintiff and the Pennsylvania Class Plaintiffs for the amount of unpaid minimum wages to which they are entitled, including interest thereon, and penalties subject to proof;

c. An award to Plaintiff and the Pennsylvania Class Plaintiffs for reasonable attorneys' fees and all costs; and

d. An award to Plaintiff and the Pennsylvania Class Plaintiffs for any other damages available to them under applicable state law, and all such other relief as this Court may deem just and proper.

## <u>COUNT IV</u>
## <u>FAILURE TO PAY OVERTIME TO THE PENNSYLVANIA CLASS</u>
## <u>PENNSYLVANIA MINIMUM WAGE ACT, 42 P.S. §§ 333.101, *et seq.*</u>

80. Plaintiff repeats every allegation made in the above paragraphs of this complaint.

81. At all relevant times, Defendants have employed Plaintiff and Pennsylvania Class Plaintiffs within the meaning of the PMWA.

82. Defendants have a willful policy and practice of refusing to pay overtime compensation at a rate of 1.5 times the regular rate for all hours worked in excess of 40 hours per workweek.

83. Defendants have a willful policy and practice of failing to pay overtime compensation due and owing.

84. Defendants have a willful policy and practice of not paying employees for all hours worked.

85. Accordingly, Defendants have violated and continue to violate the PMWA.

86. Due to Defendants' violations, Plaintiff and the Pennsylvania Class Plaintiffs are entitled to recover from Defendants the amount of unpaid overtime compensation, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Pennsylvania Class Plaintiffs:

a. An Order from this Court certifying this case as a class action and designating Plaintiff as the representative of the Pennsylvania Class Plaintiffs and their counsel as class counsel;

b. An award to Plaintiff and the Pennsylvania Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

c. An award to Plaintiff and the Pennsylvania Class Plaintiffs for reasonable attorneys' fees and all costs; and

d. An award to Plaintiff and the Pennsylvania Class Plaintiffs for any other damages available to them under applicable state law, and all such other relief as this Court may deem just and proper.

## COUNT V
## FAILURE TO PAY WAGES TO THE PENNSYLVANIA CLASS
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. § 260.1, *et seq*

87. Plaintiff repeats every allegation made in the above paragraphs of this complaint.

88. At all relevant times, Defendants have employed Plaintiff and the Pennsylvania Class Plaintiffs within the meaning of the WPCL.

89. Pursuant to the WPCL, Plaintiff and the Pennsylvania Class Plaintiffs were entitled to receive all compensation due and owing to them on their regular payday.

90. Defendants had a policy of making improper deductions from Plaintiff's and the Pennsylvania Class Plaintiffs' wages.

91. As a result of Defendants' unlawful policies, Plaintiff and the Pennsylvania Class Plaintiffs have been deprived of compensation due and owing.

92. Plaintiff, on behalf of himself and the Pennsylvania Class Plaintiffs, is entitled to recover from Defendants the amount of unpaid compensation and an additional amount of 25% of the unpaid compensation as liquidated damages.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Pennsylvania Class Plaintiffs:

a. An Order from this Court certifying this case as a class action and designating Plaintiff as the representative of the Pennsylvania Class Plaintiffs and their counsel as class counsel;

b. An award to Plaintiff and the Pennsylvania Class Plaintiffs for the amount of unpaid compensation to which they are entitled and liquidated damages, including interest thereon, and penalties subject to proof;

c. An award to Plaintiff and the Pennsylvania Class Plaintiffs for reasonable attorneys' fees and all costs; and

d. An award to Plaintiff and the Pennsylvania Class Plaintiffs for any other damages available to them under applicable state law, and all such other relief as this Court may deem just and proper.

### <u>COUNT VI</u>
### <u>UNJUST ENRICHMENT AT THE EXPENSE OF THE PENNSYLVANIA CLASS</u>
### <u>PENNSYLVANIA COMMON LAW—UNJUST ENRICHMENT</u>

93. Plaintiff repeats every allegation made in the above paragraphs of this complaint.

94. Plaintiff and the Pennsylvania Class Plaintiffs were employed by Defendants within the meaning of Pennsylvania common law.

95. At all relevant times, Defendants had a willful policy and practice of denying Plaintiff and the Pennsylvania Class Plaintiffs wages.

96. Defendants retained the benefits of employing Plaintiff and the Pennsylvania Class Plaintiffs without renumeration, and taking unlawful deductions from Plaintiff's and the Pennsylvania Class Plaintiffs' wages.

97. Defendants were unjustly enriched by subjecting Plaintiff and the Pennsylvania Class Plaintiffs to said unlawful wage deductions.

98. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Pennsylvania Class Plaintiffs have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants for the benefits conferred by Plaintiff and the Pennsylvania Class Plaintiffs.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Pennsylvania Class Plaintiffs:

a. An Order from this Court certifying this case as a class action and designating Plaintiff as the representative of the Pennsylvania Class Plaintiffs and their counsel as class counsel;

b. An award to Plaintiff and the Pennsylvania Class Plaintiffs for the amount of unpaid compensation to which they are entitled and liquidated damages, including interest thereon, and penalties subject to proof;

c. An award to Plaintiff and the Pennsylvania Class Plaintiffs for reasonable attorneys' fees and all costs; and

d. An award to Plaintiff and the Pennsylvania Class Plaintiffs for any other damages available to them under applicable state law, and all such other relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by this complaint.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

/s/ Ian M. Bryson, Esquire
IAN M. BRYSON, ESQUIRE
1835 Market Street, Suite 2950
Philadelphia, PA 19103
215-391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff and*
*the Proposed Classes*

Dated: May 17, 2021